UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| David H. Stout II<br>*Plaintiff,* | §<br>§<br>§<br>§<br>§ | Civil Action No. |
| v | §<br>§<br>§<br>§<br>§ | 5:22-cv-441 |
| Wells Fargo Bank, N.A. and<br>Barrett Daffin Frappier Turner<br>& Engel, LLP<br>*Defendants.* | §<br>§<br>§<br>§<br>§ | |

Plaintiff's Original Complaint
_____

Introduction

1. When real property subject to a mortgage is surrendered in bankruptcy, it becomes the property of the mortgagee.

2. Following surrender there is no longer an *in-personam* cause of action against the mortgagor. The mortgagor no longer owes the mortgage.

3. Following surrender there may exist an *in-rem* action against the property itself. It is not unusual for a mortgagee to conduct a non-judicial foreclose on surrendered real property. This is done to clear up official property records and sever the former mortgagor's connection with the property.

4. When a mortgagee takes an action to collect a mortgage that has been surrendered, it is collecting a debt that does not exist against someone who does not owe it.

Jurisdiction & Venue

5. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Supplemental jurisdiction for Plaintiff's state law claims arises under 15 U.S.C. § 1367.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

Parties

8. Plaintiff, David H. Stout, II, is a natural person who resides in San Antonio, Bexar County, Texas.

9. This case concerns a mortgage on property in and a suit filed in Comal County, Texas.

10. Defendant, Wells Fargo Bank, N.A. is a national bank chartered and regulated by the Office of the Comptroller of the Currency. Per the OCC it maintains an address at 101 North Phillips Avenue Sioux Falls, South Dakota.

11. Defendant, Barrett Daffin Frappier Turner & Engel, LLC ("BDFTE"), is a limited liability partnership formed in Texas. Its mailing address is 4004 Belt Line Road, Suite 100 Addison, Texas 75001. It may be served via one of its partners who may be at that address or another. It does not maintain a registered agent on file with the Texas Secretary of State.

**Franchise Tax Details**

Franchise Search Results | Public Information Report

As of : 04/28/2022 15:27:11

This page is valid for most business transactions but is not sufficient for filings with the Secretary of State
Obtain a certification for filings with the Secretary of State.

| | |
|---|---|
| **BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP** | |
| Texas Taxpayer Number | 32036936626 |
| Mailing Address | 4004 BELT LINE RD STE 100 ADDISON, TX 75001-4320 |
| Right to Transact Business in Texas | ACTIVE |
| State of Formation | TX |
| Effective SOS Registration Date | Not Registered |
| Texas SOS File Number | Not Registered |
| Registered Agent Name | Not on file |
| Registered Office Street Address | |

12. BDFTE is a third party debt collector. This disclaimer is on the footer of its webite (https://www.bdfgroup.com/):

PURSUANT TO THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, BE ADVISED THAT THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE.
© 2019 BDF Law Group

13. It maintains third-party debt collector bond number 20180043 on file with the Texas Secretary of State.

## Facts

14. Plaintiff, David H. Stout II, serves as a Master Sergeant in the United States Army.

*Stout's Bankruptcy*

15. After enduring difficult personal and financial circumstances, in February 2014 he filed Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division.

16. That was case number 5:14-bk-50547.

17. In June 2014 Stout converted his bankruptcy from a Chapter 7 to a Chapter 13.

18. As part of his Chapter 13 bankruptcy, Stout filed proposed plans with the bankruptcy court.

19. The first plan, filed June 11, 2014, included the surrender of Stout's home.

| Creditor/Collateral | Est. Amount | Est. Value | Unsecured Portion | Mo. Pmt. or Method of Disb. | Insured (yes/no) Name of Insurance | Indicate if to be Sold or Returned | Interest Rate | Remarks |
|---|---|---|---|---|---|---|---|---|
| Wells Fargo Home Mortgag Surrendering - 306 Oak Creek Way New Braunfels, TX 78130 | 208,669.00 | 198,120.00 | 15,363.47 | NotInPlan | No - N/A | | 0.00 | Debtor Surrenders Collateral in Full Satisfaction of Claims |

20. A true and correct copy of that proposed plan is attached as Exhibit A.

21. On June 30, 2014, Wells Fargo entered an appearance in Stout's bankruptcy.

22. A true and correct copy of that appearance document is attached as Exhibit B.

23. Wells Fargo's counsel in Stout's bankruptcy was BDFTE partner, Steve Turner.

24. During the course of the bankruptcy, Wells Fargo did not make any objection to Stout's Chapter 13 plan.

25. On May 18, 2015, the bankruptcy court in Docket No. 95 confirmed Stout's Chapter 13 plan, which included the proposed surrender.

26. A true and correct copy of the order confirming Stout's bankruptcy plan [Docket No. 95] is attached as Exhibit C.

*Wells Fargo and BDFTE Get Notice*

27. Two docket entries later, the order is again on the bankruptcy court's docket with a notice matrix attached.

28. In Docket No. 97, Mr. Turner and BDFTE as counsel for Wells Fargo received notice of the confirmation order by mail and notice of electronic filing.

29. Docket Entry No. 97 also shows that Defendant, Wells Fargo Bank N.A. c/o Wells Fargo Home Mortgage received notice directed to "BK Dept-MAC #D3348-014."

30. Per the notice matrix Defendants were notified in no less than three ways that Stout's bankruptcy plan had been confirmed.

31. A true and correct copy of Stout's plan with the notice matrix attached is attached as Exhibit D.

32. As of the confirmation, the property was surrendered.

33. Stout went on to successfully complete his Chapter 13 bankruptcy.

34. After making all payments on time and in full he was discharged from bankruptcy on June 27, 2019.

35. Following this, Stout believed that the difficult chapter of his life that included bankruptcy was behind him.

36. Following this, he did not see any information on his credit report concerning the mortgage.

*Post-Bankruptcy Collection*

37. In January 2022, BDFTE, on behalf of Wells Fargo, sued Stout in the 274th Judicial District Court in Comal County.

38. A true and correct copy of that suit is attached as Exhibit E.

39. In that suit Wells Fargo, via its counsel state:

> 12. According to Plaintiff's records, no payments have been made in accordance with the terms of the Loan Agreement since February 2014. Therefore, there has been a material breach of the Loan Agreement. As of January 31, 2022, the Loan Agreement payoff, as "pay-off" is defined in TEX. PROP. CODE § 12.017, was at least $331,202.03. However, this sum increases daily under the terms of the Loan Agreement to include, but not limited to, earned interest, collection costs to include attorney fees, taxes, insurance and other legally authorized expenses.

40. They go on to state that Stout has had the "use, benefit, and enjoyment of the property."

> 14. Though all Defendants have had the use, benefit, and enjoyment of the Property, they have failed or refused to pay the debt evidenced by the Loan Agreement. All conditions precedent have been performed or have occurred as required by TEX. R. CIV. P. 54.

41. Stout did not have "use, benefit, and enjoyment" as he surrendered it, in full satisfaction of claims, to Wells Fargo in bankruptcy years before.

42. On information and belief, Plaintiff alleges that Defendants, Wells Fargo and BDFTE failed to conduct a reasonable investigation or inquiry into Stout and/or the status of the mortgage that is the subject of the state court case.

43. Wells Fargo maintains sophisticated mortgage servicing software.

44. Wells Fargo's mortgage servicing software has components specifically designed to handle bankruptcies and information from bankruptcy courts.

45. Mail addressed to "BK Dept-MAC #D3348-014" are handled by one or more of Well Fargo's bankruptcy department(s) and software system(s).

46. BDFTE maintains sophisticated systems that allow its attorneys to quickly research past cases.

47. BDFTE maintains sophisticated systems that allow its attorneys to quickly see if a person or property has filed or was included in a bankruptcy.

48. In the vernacular of banks and debt collectors this is known as a "bankruptcy scrub."

49. Both Defendants failed to conduct a bankruptcy scrub.

50. Had an attorney reviewed BDFTE's files concerning Stout they would have discovered the bankruptcy.

51. BDFTE files numerous foreclosure actions on behalf of Wells Fargo.

52. BDFTE relies on automated processes to handle the drafting and filing of lawsuits.

53. Had an attorney reviewed BDFTE's files concerning the property it sought to foreclose they would have discovered the bankruptcy.

54. BDFTE did not have an attorney research the suit.

55. BDFTE did not have an attorney meaningfully review the suit.

First Cause of Action – Fair Debt Collection Practices Act

56. Barrett Daffin Frappier Turner & Engel, LLP is a debt collector as defined by 15 U.S.C. § 1692a(6).

57. The property at 306 Oak Creek Way, New Braunfels, Texas 78130 was Stout's home.

58. At the time it was taken out, mortgage securing said property was a consumer debt as defined by 15 U.S.C. § 1692a(5).

59. Stout is a consumer as defined by 15 U.S.C. § 1692a(3).

60. The Comal county lawsuit is a communication as defined by 15 U.S.C. § 1692a(2).

61. The BDFTE violated the FDCPA in that it:

   a. Made a false representation as to the character, amount, or legal status of a debt in violation of 15 U.S.C. 1692e(2)(a);

b. Made a false representation that a communication is it from an attorney in violation of 15 U.S.C. § 1692e(3); and

c. Made a false representation in violation of 15 U.S.C. § 1692e(10).

## Second Cause of Action –Texas Finance Code Chapter 392

62. Stout is a consumer as defined by Tex. Fin. Code § 392.001(1).

63. The Debt is a consumer debt as defined by Tex. Fin. Code § 392.001(2).

64. Wells Fargo is a debt collector as defined by Tex. Fin. Code § 392.001(6).

65. Suing a consumer is as act of debt collection as defined by Tex. Fin. Code § 392.001(5).

66. Wells Fargo violated Chapter 392 of the Texas Finance Code in that it:

a. Represented to someone besides Stout that he is willfully refusing to pay a non-disputed debt when Stout has disputed it in violation of Tex. Fin. Code § 392.301(a)(3);

b. Misrepresented the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a

    judicial or governmental proceeding in violation of Tex. Fin. Code § 392.304(a)(8);

  c. Represented falsely the status or nature of the services rendered by the debt collector or the debt collector's business in violation of Tex. Fin. Code § 392.304(a)(14); and

  d. Used any other false representation or deceptive means to collect a debt or obtain information concerning a consumer in violation of Tex. Fin. Code § 392.304(a)(19).

## Jury Demand

67. Plaintiff demands this case be tried before a jury.

## Prayer for Relief

Plaintiff prays, that this Court enter judgment against Defendants and in favor of Plaintiff for:

  a. Actual damages per 15 U.S.C. § 1692 k(a)(1);

  b. Statutory damages per 15 U.S.C. § 1692k(a)(2);

  c. Attorney's fees, costs, and litigation expenses per 15 U.S.C. § 1692 k(a)(3);

  d. Actual damages per Tex. Fin. Code § 392.403(a)(2); and

  e. Attorney's fees, costs, and litigation expenses per Tex. Fin. Code § 392.403(b).

Respectfully Submitted,

/s/William M. Clanton

William M. Clanton
Texas Bar No. 24049436
Law Office of Bill Clanton P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800 phone
210 338 8660 fax
bill@clantonlawoffice.com