**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| DAVID H. STOUT II, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:22-cv-00441-OLG |
| | § | |
| WELLS FARGO BANK, N.A. and | § | |
| BARRET DAFFIN FRAPPIER TURNER | § | |
| & ENGEL, LLP | § | |
| *Defendants.* | § | |

<u>**DEFENDANT WELLS FARGO'S MOTION TO DISMISS**</u>

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Wells

Fargo Bank, N.A. ("Wells Fargo" or "Defendant") files this *Motion to Dismiss* (this "Motion"),

and respectfully shows the Court the following:

**I.      INTRODUCTION**

Plaintiff David H. Stout II ("Plaintiff") filed this lawsuit in response to a state court

foreclosure proceeding Wells Fargo instituted concerning a mortgage loan secured by real

property located at 306 Oak Creek Way, New Braunfels, Texas 78130 (the "Property").  Plaintiff

asserts a single cause of action against Wells Fargo for four alleged violations of the Texas Debt

Collection Act found in Chapter 392 of the Texas Finance Code (the "TDCA").  Plaintiff's

allegations are pleaded in conclusory fashion, mostly quoting the TDCA's statutory language,

and fail to provide Wells Fargo with notice of what conduct, statements, or representations

allegedly ran afoul of the TDCA or how Plaintiff suffered any injury. For these reasons,

Plaintiff's TDCA claim against Wells Fargo must be dismissed under Rule 12(b)(6).

Evident from Plaintiff's sparse pleading is that this lawsuit is an attempt to advance a

general grievance that Wells Fargo is foreclosing on the Property after Plaintiff previously

127666338v.2

surrendered the Property in a chapter 13 bankruptcy and received a discharge. Plaintiff overlooks the general rule, applicable here, that liens ride through bankruptcy. Surrendering property is not an exception to this general rule.

Yet even Plaintiff's Complaint recognizes that after the bankruptcy surrender Wells Fargo still needed to complete a foreclosure of the Property to clear up title. *See* Doc. 1, Compl. at ¶ 3. Plaintiff seems to suggest that Wells Fargo should have taken this step through a non-judicial foreclosure and that proceeding the judicial foreclosure route violated the TDCPA. Plaintiff ignores, however, that due to his active military service, the Servicemember's Civil Relief Act ("SCRA") likely prevented Wells Fargo from foreclosing without a court order. Wells Fargo's compliance with the SCRA cannot support an alleged violation of the TDCPA.

Finally, having surrendered the Property and received a bankruptcy discharge, Plaintiff is estopped from taking any steps to challenge or interfere with the mortgagee's exercise of its rights. This lawsuit is best understood as a general challenge to Wells Fargo's pursuit of a post-surrender foreclosure, and Plaintiff is estopped from pursuing his claims. For this reason, leave to amend should not be granted because any amendment would be futile.

Because the allegations in the Complaint fail to support any viable claim for relief under any theory, the Court should dismiss Plaintiff's TDCA claim against Wells Fargo with prejudice.

## II.    BACKGROUND

Plaintiff borrowed money to purchase the Property subject to a mortgage in favor of Wells Fargo. *See* Compl. ¶¶ 9, 19. In February 2014, Plaintiff filed for bankruptcy protection and ultimately his bankruptcy was converted to a chapter 13 case. *See id.* ¶¶ 15-17. Plaintiff does not dispute that he was in default under the terms of his mortgage loan when he filed for bankruptcy protection, and the chapter 13 plan attached to the Petition reflects that he was

indebted to Wells Fargo in the amount of $208,669.00 and in arrears by $15,363.47 at that time. *See id.* ¶¶ 19-20; Compl. at Ex. A, p. 5 (section 5 of chapter 13 plan stating that Wells Fargo was owed debt of $208,669.00).[1]  Wells Fargo received notice of Plaintiff's bankruptcy filings, and retained co-Defendant Barrett Daffin Frappier Turner & Engel LLP ("co-Defendant" or "Barrett Daffin") to represent the bank in bankruptcy.  *Id.* ¶¶ 21-23, 27-31.

Plaintiff's chapter 13 plan proposed to surrender the Property to Wells Fargo in satisfaction of Plaintiff's outstanding indebtedness to Wells Fargo.  *See id.* ¶¶ 19, 25, 32; Compl. at Ex. A.  Plaintiff's chapter 13 plan was confirmed, and Plaintiff received a discharge from the Bankruptcy Court on June 27, 2019 after completing his chapter 13 plan.  *See id.* ¶¶ 25-26, 30, 32-35.  After surrendering the Property in bankruptcy to Wells Fargo, Plaintiff does not allege that he undertook any additional steps to bring Wells Fargo into physical possession of the Property or to have legal title to the Property transferred to Wells Fargo.

Plaintiff is a Master Sergeant in the United States Army.  *Id.* ¶ 14.  For this reason, Wells Fargo needed a judicial order to foreclose on the Property and obtain a writ of possession, which Wells Fargo sought in January 2022 when it filed a foreclosure lawsuit against Plaintiff regarding the Property.  *See id.* ¶¶ 37-41.  Barrett Daffin represents Wells Fargo in the foreclosure lawsuit.  *Id.* ¶ 37.  Plaintiff filed this lawsuit on May 6, 2022.  Wells Fargo waived service, resulting in sixty (60) days for Wells Fargo to answer, plead, or otherwise respond to the lawsuit.  This Motion is therefore timely.

---

[1]      Pursuant to Federal Rule of Evidence 201, Wells Fargo requests that the Court take judicial notice of the pleadings, filings, orders, and docket entries in Plaintiff's chapter 13 bankruptcy case filed in this judicial district. *See* Bankr. Case No. 14-50547-rbk.  Plaintiff's bankruptcy Statement of Financial Affairs recognized that Plaintiff had not made his mortgage payment to Wells Fargo in at least the two months preceding the bankruptcy case.  *See id.* at Dkt. No. 1 at PDF pg. 31 (section 3 of Statement of Financial Affairs).

127666338v.2

### III.     ARGUMENT AND AUTHORITY

**A.     PLAINTIFF'S CLAIM THAT WELLS FARGO VIOLATED THE TEXAS DEBT COLLECTION ACT FAILS AS A MATTER OF LAW BECAUSE PLAINTIFF DOES NOT ALLEGE AN INJURY.**

The TDCA governs collections of "consumer debts" by "debt collectors" and specifically forbids debt collectors from, among other things, making a "fraudulent, deceptive, or misleading representation" and using "threats, coercion, or attempts to coerce that employ" certain listed practices.  *See* TEX. FIN. CODE §§ 392.001, 392.301, 392.304(a).  To state a claim under the TDCA, a plaintiff must set forth facts showing that (1) the debt at issue is a consumer debt; (2) the defendant is a debt collector within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act.  *See* TEX. FIN. CODE §§ 392.001–392.404; *see also Seeberger Bank of Am., N.A. Ventures Tr. 2013 I.H.R. v. Seeberger*, No. EP-14-CV-366-KC, 2015 WL 9200878, at *12 (W.D. Tex. Dec. 16, 2015).

At the outset, Plaintiff fails to state a TDCA claim because does not allege if or how he may have been injured by Wells Fargo.  *See Seeberger*, 2015 WL 9200878, at *12 (holding that "Plaintiffs do not allege how they were injured, if at all, as a result of the Defendants' wrongful acts.  Thus, Plaintiffs fail to state a claim under the TDCA on this basis alone.").  Absent allegations of any injury, Plaintiff's Complaint fails to state a TDCA claim and must be dismissed.  *See id.*

To the extent that Plaintiff contends Wells Fargo's foreclosure improperly seeks to collect a debt that was discharged in bankruptcy, he ignores direct U.S. Supreme Court precedent that a bankruptcy discharge "extinguishes only 'the personal liability of the debtor' . . . [while] a creditor's   right   to   foreclose   on   the   mortgage   survives   or   passes   through   the

bankruptcy." *Johnson v. Home State Bank*, 501 U.S. 78, 82-83 (1991) (emphasis omitted); *see also Seeberger*, 2015 WL 9200878, at *14 n.8 (holding that a creditor's foreclosure of a lien following bankruptcy discharge of underlying debt did not support TDCA claim).[2] Nothing in Wells Fargo's foreclosure petition attached to the Complaint suggests that Wells Fargo is seeking to recover anything from Plaintiff in personam. The fact that Wells Fargo filed a foreclosure lawsuit likewise cannot fulfill the injury component that all of Plaintiff's TDCA claims otherwise lack. Plaintiff's TDCA claim must be dismissed because Plaintiff has not pleaded any facts regarding the essential injury element.

**B.   EACH OF PLAINTIFF'S FOUR TDCA THEORIES FAIL BECAUSE PLAINTIFF DOES NOT PLAUSIBLY ALLEGE WELLS FARGO COMMITTED A WRONGFUL ACT.**

In addition, Plaintiff's TDCA claim fails to demonstrate that Wells Fargo committed a wrongful act under any of his theories. Plaintiff claims Wells Fargo violated sections 392.301(a)(3), 392.304(a)(8), 392.304(a)(14), and 392.304(a)(19) of the TDCA. *See* Compl. ¶ 66. No allegations in the complaint support a TDCA claim under any of these theories. Each is addressed in turn.

**1.   Plaintiff's section 392.301(a)(3) claim fails because Plaintiff has not plausibly alleged the Wells Fargo debt is in dispute.**

Plaintiff alleges that Wells Fargo violated sections 392.301(a)(3) of the TDCA because the bank "[r]epresented to someone besides Stout that he is willfully refusing to pay a non-disputed debt when Stout has disputed it." Compl. ¶ 66.a. This blanket assertion fails to state a claim because it fails to correctly list all of the elements of a section 392.301(a)(3) violation and it is contradicted and refuted by Plaintiff's own pleadings. The complete text of section 292.301(a)(3) provides that "a debt collector may not use threats, coercion, or attempts to coerce

---

[2]      As demonstrated below, Wells Fargo still had to foreclose on its lien following Plaintiff's bankruptcy surrender and discharge.

that . . . represent[] or threaten[] to represent to any person other than the consumer that a consumer is wilfully refusing to pay a nondisputed consumer debt ***when the debt is in dispute and the consumer has notified in writing the debt collector of the dispute***." TEX. FIN. CODE § 392.301(a)(3) (emphasis added).

The Complaint never mentions if Plaintiff notified Wells Fargo in writing that Plaintiff disputed the debt. *See id.* In contrast, the Complaint expressly excerpts and also attaches Plaintiff's confirmed chapter 13 bankruptcy plan that treated Plaintiff as owing Wells Fargo at least $208,669.00 on the mortgage at the time the Plan was filed. *See* Compl. at ¶¶ 19-20 and Ex. A. Notably, for Plaintiff to have been eligible to surrender the Property to Wells Fargo in the first instance, Wells Fargo's secured claim must have been "allowed"—meaning that Plaintiff did not object to Wells Fargo's claim in the bankruptcy. *See* 11 U.S.C. § 1325(a)(5)(C) (providing that a chapter 13 debtor may only surrender property to the holder of an "allowed secured claim"); 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, ***is deemed allowed, unless a party in interest, . . . objects***.") (emphasis added); 11 U.S.C. § 506(a) ("An allowed claim of a creditor secured by a lien on property in which the estate has an interest, . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property"). Plaintiff never disputed the debt owed to Wells Fargo in his bankruptcy, and cannot as a matter of law do so now following the confirmation of his chapter 13 plan. *See* 11 U.S.C. § 1327(a) ("The provisions of a confirmed plan bind the debtor and each creditor.").[3]

---

[3]      The order confirming Plaintiff's chapter 13 plan is a final judgment that is entitled to *res judicata* and is binding on Plaintiff with respect to the matters addressed in the plan and confirmation order. *See In re Shank*, 569 B.R. 238, 249 (Bankr. S.D. Tex. 2017) ("Confirmation orders in bankruptcy proceedings are final judgments that have a binding effect on the parties involved.") (citing *United Student Aid Funds, Ins. v. Espinosa*, 559 U.S. 260, 269 (2010)); *see also Bullard v. Blue Hills Bank*, 575 U.S. 496, 502 (2015) ("Confirmation [of a bankruptcy plan] has preclusive effect, foreclosing relitigation of any issue actually litigated by the parties and any issue necessarily determined by the confirmation order.") (citation and internal quotations omitted).

Plaintiff fails to state a claim under TEX. FIN. CODE § 392.301(a)(3) because he did not allege he disputed the debt owed to Wells Fargo in writing.  This claim must be dismissed with prejudice because confirmation of Plaintiff's chapter 13 plan, and Plaintiff's plan's undisputed treatment of the Wells Fargo debt, binds Plaintiff and prevents him from raising any subsequent dispute about the debt.  *See* 11 U.S.C. § 1327(a); *Blue Hills Bank*, 575 U.S. at 502.

      **2.**      **Plaintiff fails to state a claim under section 392.304(a)(8) because he does not allege Wells Fargo misrepresented the "character, extent, or amount" of Plaintiff's debt.**

Plaintiff's formulaic, conclusory pleading fails to state a claim under section 392.304(a)(8) of the TDCA, which provides that "in debt collection . . . , a debt collector may not use a fraudulent, deceptive, or misleading representation that employs . . . misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding."  TEX. FIN. CODE § 392.304(a)(8).  While the Complaint's central focus is on Wells Fargo representations made within the foreclosure proceeding, the Complaint fails to identify any misrepresentation about the "character, extent, or amount" of the debt Plaintiff owed to Wells Fargo.  *See id.*[4]

"To violate the TDCA using a misrepresentation, the debt collector must have made an *affirmative statement* that was false or misleading."  *Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015) (citation omitted).  Alleging an affirmative misleading statement is not enough, however, because "the misrepresentation must cause borrowers to '*think differently* with respect to the character, extent, amount, or status of their debt.'"  *Douglas v. Wells Fargo Bank, N.A.*, 992 F.3d 367, 374 (5th Cir. 2021) (quoting *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013)).

---

[4]      For this reason, Plaintiff also fails to state a claim under section 302.304(a)(19) of the TDCA.

The only statement the Complaint identifies as incorrect was a representation in the foreclosure proceeding that Plaintiff had the "use, benefit, and enjoyment" of the Property. Compl. at ¶¶ 40-41.  Plaintiff contends that he did not have the "use, benefit, and enjoyment" of the Property because he surrendered it in the bankruptcy.  *Id.* at ¶ 41.  No matter.  This disputed statement only concerns *the Property* and Plaintiff's relationship with it.  This disputed statement is not an "affirmative statement" concerning the "character, extent, or amount" of *the debt*.  *See* TEX. FIN. CODE § 392.304(a)(8); *Thompson*, 783 F.3d at 1026.  Plaintiff does not allege that Wells Fargo misrepresented the bankruptcy plan's characterization and treatment of the debt, that Plaintiff received a discharge, or the outstanding balance of the debt secured by the Property. *See* Compl. at ¶¶ 37-49; 66.

Furthermore, none of Plaintiff's allegations suggest that Wells Fargo's statements in the foreclosure proceeding have led Plaintiff to "think differently with respect to the character, extent, amount, or status of the[] debt."  *Miller*, 726 F.3d at 723.  On the contrary, and similar to the plaintiffs in *Miller*, Plaintiff has always been aware (i) that he had a mortgage debt; (ii) of the specific amount that he owed; (iii) and that he had defaulted.  Indeed, Plaintiff's chapter 13 bankruptcy plan surrendered the Property to Wells Fargo precisely because Plaintiff recognized that he had a mortgage debt in default.  *See* Compl. at Ex. A; 11 U.S.C. § 1325(a)(5)(C) (property may only be surrendered to secured creditors in a chapter 13 plan).  The Complaint also does not allege that Wells Fargo made any representation about its intentions to foreclose or not after Plaintiff surrendered the Property.  *See, e.g.*, *Verdin v. Fed. Nat. Mortg. Ass'n*, 540 F. App'x 253, 257 (5th Cir. 2013) (holding that bank's statement "not to worry about the foreclosure," was not actionable under section 302.304(a)(19) because it was not an affirmative statement the bank would not foreclose).

127666338v.2

Plaintiff has not identified any instance where Wells Fargo may have made an affirmative misrepresentation about the "character, extent, or amount" of the debt that caused Plaintiff to think differently about the debt. Accordingly Plaintiff's claim against Wells Fargo must be dismissed under Rule 12(b)(6) to the extent that it seeks relief under section 392.304(a)(8) or any other provision of the TDCA predicated on establishing a misrepresentation.

### 3. Plaintiff pleads no facts to support a section 392(a)(14) claim.

Plaintiff makes no effort to provide factual support for his claim for relief under section 392.304(a)(14). To prevail under section 392.304(a)(14), Plaintiff must plead and ultimately prove that "in debt collection" Wells Fargo "represent[ed] falsely the status or nature of the services rendered by the debt collector or the debt collector's business." TEX. FIN. CODE § 392.304(a)(14). Apart from quoting the elements of section 392.304(a)(14), the Complaint is devoid of any allegation that Wells Fargo made *any* representations (much less false representations) about (i) the nature of the services that Wells Fargo rendered, or (ii) Wells Fargo's business.[5]

Thus, Plaintiff's scant pleading fails to overcome dismissal under Rule 12(b)(6), and Plaintiff's TDCA claim based on a section 392.304(a)(14) theory of recovery should be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (citations omitted); *Seeberger*, 2015 WL 9200878, at *16 (dismissing section 392.304(a)(14) claim due to conclusory pleading).

### 4. Plaintiff's section 392.304(a)(19) claim similarly lacks any factual support.

Plaintiff's contention that Wells Fargo violated section 392.304(a)(19) of the TDCA fares no better than the others. Section 392.304(a)(19) is the "catch-all" provision of the TDCA,

---

[5]     Regarding Wells Fargo's business, the Complaint readily recognizes Wells Fargo's status as a nationally chartered bank. Compl. at ¶ 10. Nothing in the Complaint suggests Wells Fargo communicated anything to the contrary to Plaintiff about Wells Fargo's business.

*Thompson*, 783 F.3d at 1026, and prohibits a debt collector from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer," TEX. FIN. CODE § 392.302(a)(19).   "Referring vaguely to 'using a false representation or deceptive means to collect a debt . . . is not sufficient to overcome dismissal under Rule 12(b)(6).'"   *Clark v. Deutsche Bank Nat'l Tr. Co., as trustee for Morgan Stanley ABS Cap. I, Inc., Tr. 2006-HE3*, 719 F. App'x 341, 344 (5th Cir. 2018) (quoting *Miller*, 726 F.3d at 724).

        As discussed above, the only identifiable statement Plaintiff challenges (about his alleged "use, benefit, and enjoyment" of the Property) concerns his relationship with the Property, and is not an affirmative statement about the underlying debt for purposes of maintaining a TDCA claim based on a false or misleading statement.   Therefore all that remains to address is Plaintiff's allegation that Wells Fargo "[u]sed any other false representation or deceptive means to . . . obtain information concerning a consumer."   Compl. at ¶ 66.d.

        Apart from once again quoting the bare elements of section 392.304(a)(19), Plaintiff does not allege that Wells Forgo used false representations or deceptive means to "obtain information" about Plaintiff.   Instead, Plaintiff's information-centered contentions are solely based on Wells Fargo and Barrett Daffin supposedly not being thorough with the public information already available to them prior to instituting the foreclosure proceeding.   *See* Compl. at ¶¶ 46-55 (contending that Wells Fargo and Barrett Daffin did not do a thorough "bankruptcy scrub" prior to filing the foreclosure lawsuit).   At best, Plaintiff's alleges that Wells Fargo acted improperly with respect to information that it already had, but that is insufficient to support a claim under section 392.304(a)(19).   *E.g.*, *Byrd v. Lakeview Loan Servicing, L.L.C.*, 855 F. App'x 187, 192 (5th Cir. 2021) (dismissing claim that "merely argues that the acceleration

was *improper* and does not identify an 'affirmative statement that was false or misleading.'") (citation omitted).

The Complaint is otherwise silent as to whether Wells Fargo sought to "obtain information" about Plaintiff. Because Plaintiff does not allege that Wells Fargo sought to "obtain information" about Plaintiff, the Complaint cannot state a claim that Wells Fargo used false representations or deceptive means to obtain information for purposes of section 392.304(a)(19).

**C.   PLAINTIFF AGREES THAT WELLS FARGO STILL NEEDED TO FORECLOSE ON THE MORTGAGE AFTER THE BANKRUPTCY SURRENDER BUT PLAINTIFF FAILS TO MENTION THAT THE SCRA REQUIRED WELLS FARGO TO OBTAIN A COURT ORDER.**

Plaintiff's chapter 13 surrender of the Property (or bankruptcy discharge) did not obviate the need to foreclose on the Property or affect Wells Fargo's need for a SCRA-compliant order to properly foreclose on the Property and obtain a writ of possession. Taking the facts pleaded in the Complaint as true, Plaintiff is a member of the United States Army. *See* Compl. ¶ 14. Plaintiff is therefore subject to the protections of the SCRA. *See* 50 U.S.C. §§ 3901, *et. seq.* Section 3953(c) of the SCRA requires a lender to obtain a Court order authorizing the foreclosure of any mortgage obligation that arose prior to a borrower's military service. *Id.* § 3953(c). In addition, regarding obtaining a writ of possession to evict a holdover servicemember-mortgagee, the SCRA similarly prohibits eviction without a court order. *Id.* 3951(a)(1). Because Plaintiff was an active military member when Wells Fargo sought to foreclose on the Property and obtain a writ of possession, *see* Compl. ¶ 14 and Ex. E, the SCRA arguably prohibited Wells Fargo from foreclosing or obtaining a writ of possession without a court order, *see* 50 U.S.C. §§ 3951(a)(1), 3953(c).

The SCRA requirements for court orders permitting foreclosure and eviction is consistent with the general need to foreclose on property surrendered in bankruptcy to transfer title. As

Plaintiff's Complaint acknowledges at the outset, the affirmative step of foreclosure was still required following Plaintiff's bankruptcy surrender.  *See* Compl. at ¶ 3.  Interpreting the impact of a bankruptcy surrender of property, courts recognize that "a creditor must take *some* legal action to recover real property—namely, a foreclosure action."  *In re Failla*, 838 F.3d 1170, 1177 (11th Cir. 2016).  And the creditor taking the necessary step to foreclose on surrendered property must take place without any interference by the surrendering party.  *See In re Failla*, 838 F.3d at 1177 ("Because 'surrender' means 'giving up of a right or claim,' debtors who surrender their property can no longer contest a foreclosure action.").

Foreclosure is required following a bankruptcy surrender because "surrender" as used throughout the Bankruptcy Code does not possess the same meaning as "delivery."   One Court has succinctly described the distinction between "surrender" and "delivery" of property as follows:

> The Bankruptcy Code however makes a clear distinction between *delivering* and *surrendering* property.  "Surrender" does not require the debtor to turn over physical possession of the collateral; the Bankruptcy Code uses the word "deliver" when it intends physical turnover of property.  Moreover, construing "surrender" to require the debtor to deliver property to the secured creditor would circumvent state law obligations by allowing the secured creditor to bypass state foreclosure requirements.  "Surrender" is not equivalent to "foreclosure."

*In re Plummer*, 513 B.R. 135, 143 (Bankr. M.D. Fla. 2014) (internal footnotes and citations omitted).  For this reason, courts have held that secured creditors cannot compel debtors to deliver title to property that was surrendered in a bankruptcy.  *See, e.g.*, *In re Theobald*, 218 B.R. 133, 137 (B.A.P. 10th Cir. 1998) (holding that mortgagee of surrendered property cannot compel debtor to execute special warranty deed and estoppel affidavit conveying title because doing so would "interfere[] with underlying state law foreclosure policies and procedures"); *In re Seiffert*, No. 18-43114-MXM, 2019 WL 1284299, at *5 (Bankr. N.D. Tex. Mar. 8, 2019) (holding that

companion surrender statute "does not include language that requires a debtor to undertake some affirmative action to effectuate the surrender option").

Accordingly, Plaintiff already agrees that Wells Fargo still needed to foreclose on the Property after the bankruptcy surrender.  *See* Compl. at ¶ 3.  Plaintiff's singular dispute appears to be that Wells Fargo sought foreclosure through judicial means.  *See id.* at ¶¶ 1-4.  The SCRA, however, required Wells Fargo to obtain a court order to foreclose on Plaintiff (and obtain a writ of possession) because he was in active military service, *see* 50 U.S.C. §§ 3951(a)(1), 3953(c), and seeking an order compelling Plaintiff to deliver title to the Property was not an available vehicle to seek a SCRA compliant order following a bankruptcy surrender, *see In re Theobald*, 218 B.R. at 137; *In re Seiffert*, 2019 WL 1284299, at *5.  Judicial foreclosure was therefore the only available method for Wells Fargo to both comply with the SCRA and transfer title to the Property away from Plaintiff.   For these reasons, Plaintiff fails to state a claim with his blanket suggestion that Wells Fargo acted improperly under the TDCA in seeking judicial foreclosure.

**D.    PLAINTIFF IS ESTOPPED FROM CHALLENGING WELLS FARGO'S FORECLOSURE FOLLOWING HIS BANKRUPTCY SURRENDER OF THE PROPERTY.**

Plaintiff's TDCA claim centers exclusively upon statements Wells Fargo made in its foreclosure petition concerning Plaintiff's surrendered Property.  Plaintiff's TDCA challenge to the foreclosure is inconsistent with his duties following the surrender of the Property.  "Debtors who surrender property must get out of the creditor's way."   *In re Failla*, 838 F.3d at 1177.  Pertinent here, "debtors who surrender their property can no longer contest a foreclosure action." *Id.*; *see also In re Plummer*, 513 B.R. at 144 ("[T]he debtor cannot impede the creditor's efforts to take possession of its collateral by available legal means.").  "At the most basic level, . . . the word 'surrender' means the relinquishment of *all rights in property*, including the possessory

right, even if such relinquishment does not always require immediate physical delivery of the property to another." *In re White*, 487 F.3d 199, 205 (4th Cir. 2007).

Plaintiff's bankruptcy surrender therefore included any right he may have had to raise a TDCA claim in connection with the foreclosure of the Property. *See id.*

## IV.   CONCLUSION

WHEREFORE, Defendant Wells Fargo Bank, N.A. prays that the Court grant this Motion to Dismiss and dismiss with prejudice each of Plaintiff's claims.   Wells Fargo also requests such other relief in law or equity to which it may be justly entitled.

**DATED** July 5, 2022

Respectfully submitted,

LOCKE LORD LLP

By: */s/ Stephen J. Humeniuk*

**B. David L. Foster**
Texas Bar No. 24031555
**Stephen J. Humeniuk**
Texas Bar No. 24087770
600 Congress Ave., Suite 2200
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)
dfoster@lockelord.com
stephen.humeniuk@lockelord.com

**Robert T. Mowrey**
Texas Bar No. 14607500
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (Facsimile)
rmowrey@lockelord.com

**ATTORNEYS FOR DEFENDANT
WELLS FARGO BANK, N.A.**

127666338v.2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served via CM/ECF on all parties that have appeared in the above-captioned cause on July 5, 2022.

*/s/ Stephen J. Humeniuk*
Stephen J. Humeniuk

127666338v.2