Case 5:22-cv-00441-OLG   Document 22   Filed 03/07/23   Page 1 of 3

**FILED**
March 07, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ JU
                       DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DAVID H. STOUT, II ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | SA-22-CV-441-OG |
| WELLS FARGO BANK, N.A. and ) | |
| BARRETT DAFFIN FRAPPIER TURNER ) | |
| & ENGEL, LLP ) | |
| ) | |
| Defendants ) | |

**ORDER**

Pending before the Court is Defendant Wells Fargo's motion to dismiss, filed pursuant to Rule 12(b)(6). Docket no. 9. Plaintiff has filed a response (docket no. 12) and Defendant has filed a reply (docket no. 13).[1] After reviewing the pleadings, motion, response, and applicable law, the Court finds that Defendant's motion to dismiss should be GRANTED.

Rule 12(b)(6) authorizes the dismissal of a complaint on a defendant's motion when the pleading fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Plaintiff previously surrendered real property in a Chapter 13 bankruptcy proceeding and was discharged. However, Wells Fargo (the mortgagee) could not proceed with transfer of title on the property until it completed foreclosure. Wells Fargo filed a lawsuit for foreclosure and writ of possession on the property in Comal County, Texas, which is still ongoing. When the foreclosure proceeding was filed, Wells Fargo named Plaintiff (the mortgagor) as a party, but sought only to obtain title

---

[1] This is Defendant's second motion to dismiss. After Defendant filed its first motion to dismiss, Plaintiff amended his complaint. *See* docket nos. 6, 8.)

and possession of the property and sought no monetary relief against Plaintiff. Nevertheless, Plaintiff filed this lawsuit in response, claiming the foreclosure lawsuit constitutes a violation of the Texas Debt Collection Act. Plaintiff asserts that statements in the foreclosure petition constitute "misrepresentations" under the TDCA and he wants this Court to award, as damages, any fees or costs incurred in appearing in the state court proceeding. Plaintiff sues both the mortgagee, Wells Fargo, and the law firm that filed the foreclosure action on behalf of the mortgagee. The claims herein should be dismissed for the following reasons.

First, any party to a pending state court lawsuit may seek relief from the court in which the lawsuit is pending if they believe there are "misrepresentations" in the pleadings. Likewise, any party to such lawsuit may seek to recover their attorneys fees and costs in defending the lawsuit if the matter is resolved in their favor. Because the foreclosure proceedings is still pending and the state court could provide an adequate and suitable remedy for Plaintiff's alleged injury (fees and costs incurred), this Court will abstain from exercising jurisdiction over this matter.[2]

Even if the Court was not inclined to abstain, Plaintiff has failed to allege a legally cognizable injury. Wells Fargo is merely seeking title and possession of the property, and Plaintiff has already surrendered the property. Seeking reimbursement of fees and costs incurred in making an appearance and defending the foreclosure proceedings is not enough to raise a viable TDCA claim. *Bitterroot Holdings, LLC v. Bank of New York Mellon*, 2017 WL 10181041,

---

[2]This is Colorado River-type abstention, although Younger-type abstention has also been applied in civil cases. *See Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 851 (5th Cir. 2009) (describing Colorado River abstention doctrine); *see also Sprint Communications v. Jacobs*, 571 U.S. 69, 78 (2013) (noting that certain civil proceedings have warranted Younger type abstention). Abstention may be raised *sua sponte*.

at *15-16 (W.D. Tex. 2017) (even assuming that litigation to judicially foreclose on a lien could constitute a false representation or deceptive means to collect a debt, a TDCA plaintiff must prove actual damages that result from an alleged violation ... incurred attorney's fees and expenses "cannot be damages giving rise to a TDCA claim, lest the 'actual damages' requirement lose all meaning").

It is therefore ORDERED that Defendant Wells Fargo's Motion to Dismiss Amended Complaint (docket no. 9) is GRANTED, and this case is DISMISSED.[3] Final judgment may be entered accordingly, with taxable costs assessed against Plaintiff.

SIGNED and ENTERED this __7th__ day of March, 2023.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

---

[3] Wells Fargo moved for dismissal, but the reasons for dismissal also apply to the claims against the law firm.